State, Del., Lack. and West. R. R. Co., pros., v. Hudson Tunnel R. R. Co.

THE STATE, THE DELAWARE, LACKAWANNA AND WEST-
ERN RAILROAD COMPANY, PROSECUTORS, v. THE HUD-
SON TUNNEL RAILROAD COMPANY.

1. On an application for the appointment of commissioners to estimate
   the damages on a condemnation of land for the use of a railroad, the
   only inquiry that, as a general rule, will be made, is, whether the
   applicant has a *prima facie* right.
2. In this summary proceeding, contestable questions will not be decided.

On *certiorari* to review the appointment of commission-
ers, etc.

Argued at February Term, 1875, before BEASLEY, CHIEF
JUSTICE, and Justices DALRIMPLE, DEPUE and KNAPP.

For the plaintiff in *certiorari*, *Vanatta*, Attorney-General.

For the defendant, *George G. French.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.　　The defendant, The Hudson
Tunnel Railroad Company, is a corporation organized under
the general railroad law of this state, passed April 2d, 1873.
This company was recognized as an existing corporation by
the act of the 21st March, 1874, entitled, " An act to extend
the time for completion of the Hudson Tunnel Railroad
Company."　　According to the description in its articles of
association, the road was to commence " at some convenient
and eligible point upon the western shore of the Hudson
river, and within or near Jersey City or Hoboken, in the
county of Hudson, in the State of New Jersey, and thence
to run, by the most direct route, under the bed of the said
river, to a convenient and eligible point in that part of the
boundary line between the States of New Jersey and New
York, lying between said Jersey City or Hoboken, in said

State of New Jersey, and the city of New York." It is also stated in these articles, that this company is incorporated under the laws of New York, and that the road is to be built in a tunnel, which is to be twenty-six feet wide and twenty-four feet high, inside measurement, and at no place to come nearer to the surface than fifteen feet, and from that to thirty-five feet below the surface of the water.

In pursuance of the purpose of this organization, a map of the survey of the route having been duly filed in the office of the secretary of state, a petition was presented to a justice of this court, setting forth the foregoing facts, and stating that certain lands of the Morris and Essex Railroad Company and the Delaware, Lackawanna and Western Railroad Company, lessees, were necessary for the uses of the contemplated road, prayed the appointment of commissioners to appraise the damages, according to the statute.

Upon this petition and certain affidavits which had been taken, the parties interested appeared, by their counsel, before the justice, and the result of the hearing was the appointment of the commissioners, and the allowance of a *certiorari*, for the purpose of referring the legal questions which were involved to this court for solution.

Upon the case thus presented, a number of questions of considerable importance have been discussed. On the part of the prosecutors of this writ of *certiorari*, it was objected, that the defendant, The Hudson Tunnel Railroad Company, had no legal existence as a corporation ; that, under the general railroad law, a corporation cannot be created with the franchise to build a railroad tunnel under an inter-state river ; that, by force of the same act, the land of the prosecutor is exempt from sequestration, as it is necessary for its own uses. But it seems to me very clear, that such matters as these are not to be decided upon a summary proceeding of this nature. The application is simply to have commissioners appointed to ascertain the compensation to which the prosecutor will be entitled for a certain portion of its land, if it shall be taken. On such an application, the right to

State, Del., Lack. and West. R. R. Co., pros., v. Hudson Tunnel R. R. Co.

take the land cannot be adjudicated. The appointment of the commissioners does not establish such right, nor has it any tendency so to do. It would be a manifest injustice to the applying company to attempt to adjudicate, in this procedure, such a point, as a decision adverse to its rights would entirely frustrate the purposes of its organization, while a decision in its favor would have no efficacy in establishing its right to take the land. Much less, in such a proceeding, is it competent to raise up the question as to the due incorporation of the applying company, or whether it is not usurping the franchise which it claims. If this can be done, then, in a summary proceeding, in an incidental way, every landowner whose property is sought to be condemned, can challenge the legal existence and the corporate rights of such company, to the same extent that the state can on a *quo warranto*. Such a power is entirely unreasonable, and has no warrant in legal principles. The nature of the proceeding, and all its methods, are inappropriate for such a purpose. In form, it is a mere summary application to a single judge, not sitting in court, without pleadings forming an issue, the officer being destitute of a capacity to enter a judgment of record. The judicial conclusion would have but a unilateral effect; it would conclude, upon all the points decided, the applying company, but would leave its opponent unbound, and at liberty to re-assert the same rights before another forum. Nor would it seem that any limit could be put to this range of subjects to be investigated; all the grounds of the right of the applicant, and every matter of defence, would be equally open for discussion and decision. In the present instance, the mode of the applicant's corporate organization, the right of that company to the franchise for which it has become incorporated, the right of the prosecutor to hold its lands inviolate for its own uses, and its privileges as riparian owner, by force of certain covenants entered into with it by the agents of the state, have all been made part of this proceeding. It is impossible that, by such a method, subjects of this kind can be satisfactorily investigated or safely adjudged.

State, Del., Lack. and West. R. R. Co., pros., v. Hudson Tunnel R. R. Co.

It seems to me, therefore, that the true rule of practice is this : The applicant in these cases must make out a *prima facie* right. The petition, duly verified, should show the incorporation of such applying company, its termini, and general route. The fact that such route has been surveyed, and that the map or survey has been duly filed, and that the lands sought to be taken, and which should be accurately described, are necessary for the uses of such petitioner. Upon such a ground being laid, commissioners should, as a matter of course, be appointed, unless, upon an inspection of the case as presented, or on the counter showing of the landowner, it can be made apparent that the applicant has no color of right. Undoubtedly cases may arise when the petition should be dismissed. Such would be clearly the proper course whenever it should appear that, in some important respect, the law had not been complied with, so that the applicant, manifestly, was without a corporate capacity, or if the land embraced in the petition was obviously outside of the line of the survey. Such defects as these would leave the proceedings a mere pretence and empty form, and they would be so treated. This line of exception will embrace every objection which is fatal and incontestable. In my judgment, on the hearing before the judge, he should not, in his inquiry, go much, if any, beyond this bound. All uncertain and debatable questions should be excluded from such consideration, and, with respect to them, the contestants should be referred to a regular proceeding in the proper forum.

Applying this rule to the present application, the result is, this court must decline to consider or adjudge the questions pressed by the counsel of the prosecutors upon our attention. Such questions are of great moment to the parties, of a highly contestable character, and cannot be properly decided, except in due course of law adapted to their elucidation.

The appointment of the commissioners should be affirmed.